UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-23158-CV-MORENO
CASE NO. 12-20152-CR-MORENO
MAGISTRATE JUDGE REID

JULIAN BREAL,

 Movant,

vs.

UNITED STATES OF AMERICA,

 Respondent.
_____/

## REPORT OF MAGISTRATE JUDGE RECOMMENDING DENYING MOTION TO VACATE- 28 U.S.C. § 2255

### I. Introduction

Movant, **Julian Breal,** filed this successive motion to vacate, pursuant to 28 U.S.C. § 2255, after the Eleventh Circuit Court of Appeals granted him leave to do so, in order to challenge the constitutionality of his conviction for Count 5 of the Superseding Indictment, a violation of 18 U.S.C. § 924(c). [CV ECF Nos. 1, 9]. This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B), (C); Fla. Admin. Order 2019-2; and, Rules 8 and 10 Governing Section 2255 Cases in the District Courts.

 Movant argues that his conviction is no longer lawful in light of the Supreme Court's decision in *United States v. Davis,* 139 S. Ct. 2319, 2324-25, 2336 (2019). [CV ECF No. 9 at 7-18]. Movant raises a sole ground for relief that the 18 U.S.C. § 924(c) conviction must be vacated because it was predicated on conspiracy to commit hostage taking, hostage taking, and kidnapping, offenses which no longer qualify as "crime[s] of violence" in light of the United States Supreme

Court's *Davis* decision. [CV ECF No. 9 at 1, 8-18]. For the reasons discussed below, consideration of this § 2255 motion should be stayed.

## II. Relevant Criminal Procedural History

### A. Indictment Through Appeal

In 2012, a twenty-two count Second Superseding Indictment was returned charging Movant and his co-conspirators with numerous federal crimes. [CR ECF No. 291]. Specifically, Movant was charged with conspiracy to seize, detain, and threaten to kill A.M.C. in order to compel a third person to do an act as a condition for the release of A.M.C., where at least one of the defendants or person seized was not a national of the United States, in violation of 18 U.S.C. §§ 1203(a), (b)(2) (Count 1); seizing, detaining, and threatening to kill A.M.C. in order to compel a third person to do an act as a condition for the release of A.M.C., where at least one of the defendants or person seized was not a national of the United States, in violation of 18 U.S.C. §§ 1203(a), (b)(2), and 2 (Count 2); kidnapping A.M.C. and holding him for ransom, and in furtherance thereof used a facility and an instrumentality of interstate and foreign commerce, in violation of 18 U.S.C. §§ 1201(a)(1) and 2 (Count 3); carjacking, resulting in serious bodily injury, as defined by 18 U.S.C. § 1365, in violation of 18 U.S.C. §§ 2119 and 2 (Count 4); and using and carrying a firearm during and in relation to a crime of violence, and possessing a firearm in furtherance of a crime of violence, felony offenses, in violation of 18 U.S.C. §§1201(a), 1203(a), and 2119, as set forth **Counts 1, 2, 3, and 4** of the Second Superseding Indictment, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (Count 5). [CR ECF No. 291 at 1-5], (emphasis added). All of Movant's co-conspirators pleaded guilty prior to Movant's trial. [CR ECF Nos. 100, 115, 136, 137, 177, 183]. Movant proceeded to trial where he was found guilty as charged, following a jury verdict. [CR ECF No. 302]. Regarding Count 5, the jury found that a firearm was both used and carried during and in relation to a crime of violence, and that a firearm was possessed in furtherance

of a crime of violence but did not specify whether it relied on some or all of the four counts in making that determination. [*Id.* at 2].

Movant was adjudicated guilty and sentenced to a total term of fifty years of imprisonment, consisting of: (1) three concurrent terms of forty-five years of imprisonment as to Counts 1, 2, and 3; (2) a concurrent twenty-five years of imprisonment as to Count 4; and, (3) a five-year term of imprisonment as to Count 5 to run consecutive to Counts 1, 2, 3, and 4. [CR ECF No. 321 at 2].

Movant's convictions and sentences were *per curiam* affirmed on appeal in a written, but unpublished decision. *See Breal,* 593 F. App'x at 953. Certiorari review was denied on **March 30, 2015.** *Breal v. United States,* 135 S.Ct. 1727 (2015), [CR ECF No. 392]. And, his motion to vacate his conviction filed pursuant to 28 U.S.C. § 2255 was denied.

### B. Movant's Second Post-Conviction Proceeding

In 2019, Movant filed an application for leave to file a second or successive § 2255 motion, "arguing that his § 924(c) conviction was "attached to multiple predicate offenses," so that it was "unclear which predicate offense was the basis for the § 924(c) conviction." [CV ECF No. 1 at 4]. Movant argued that conspiracy to commit hostage taking no longer qualified as a "crime of violence" under §924(c)(3)(A)'s elements clause. [*Id.*].

The Eleventh Circuit Court of Appeals found Movant's § 924(c) conviction in Count 5 "was possibly predicated on four different charges, including conspiracy to commit hostage taking (Count One), substantive hostage taking (Count Two), kidnapping (Count Three), and carjacking resulting in bodily injury (Count Four)." [*Id.*]. The Eleventh Circuit Court of Appeals recognized that carjacking, one of the companion offenses, qualifies as a "crime of violence" under § 924(c)(3)(A)'s elements clause, but noted that neither it nor the United States Supreme Court had determined "whether the other crimes qualify as a crime of violence under only the residual clause or only the elements clause or both clauses of § 924(c)(3)." [*Id.* at 4]. Thus, the appellate

court granted Movant permission to file a successive § 2255 motion finding his § 924(c) conviction as to Count 5 "may--not that it does, but that it may--implicate § 924(c)'s residual clause and *Davis.*" [*Id.* at 4-5].

Upon receipt of the appellate court's opinion, this § 2255 proceeding was opened by the Clerk, after which the court entered an order appointing counsel, pursuant to 18 U.S.C. § 3006A, and a briefing schedule was entered. [CV ECF No. 3]. In response, Movant filed an amended § 2255 seeking to vacate his § 924(c) conviction on the basis that post-*Davis,* § 924(c)(3)(B)'s residual clause is unconstitutionally vague, and cannot support his § 924(c) conviction. [CV ECF No. 9 at 2]. Movant further argues that the companion, predicate offenses--conspiracy to commit hostage taking, substantive hostage taking, and kidnapping are not "crime[s] of violence" so they cannot be used to support the § 924(c) conviction. [*Id.* at 2, 7-10]. Only carjacking, Count 4, remains a crime of violence. [*Id.* at 13].

Movant argues that, based on the reasoning in *Gomez,* where, as here, the charge is duplicitous, listing multiple predicate offenses, and the jury returned a general verdict, this court "must use the conspiracy to commit hostage taking, the least culpable offense, to analyze Breal's § 924(c) post-*Davis* conviction." [*Id.* at 13-14]. Because that offense no longer qualifies as a "crime of violence," post-*Davis,* Movant argues he is entitled to vacatur of his § 924(c) conviction and a resentencing hearing. [*Id.* at 14-18].

Movant also relies upon the United States Supreme Court decision in *Stromberg,*[1] claiming that when an indictment alleges various means of violating a statute, the court must presume the least predicate act--the Hobbs Act robbery conspiracy--was used to support the conviction. [*Id.* at

---

[1] *Stromberg v. California,* 283 U.S. 359 (1931).

17-19]. Movant argues that a jury verdict must be set aside if it is supported on one ground but not another, and it is impossible to determine which ground the jury selected. [*Id.*].

The government argues that Movant is not entitled to relief because the predicate offense of carjacking (Count 4) qualifies as a "crime of violence" post-*Davis*. [CV ECF No. 14 at 10-18]. As a result, the government, relying on *In re Cannon,* 931 F.3d 1236, 1243-44 (11th Cir. 2019) and *Beeman v. United States,* 871 F.3d 1215, 1221-22 (11th Cir. 2017), concludes that Movant cannot meet his burden of proving "the likelihood that the jury based its guilty verdicts solely on a non-qualifying predicate offense," rather than on carjacking, a qualifying predicate offense. [*Id.* at 18-19].

There has been limited guidance on the proper burden of proof in *Davis* claims until recently when the Eleventh Circuit held last month that *Beeman* and *Cannon* articulate the proper burden of proof for a *Davis* claimant under 28 U.S.C. § 2255. *See Garcia v. United States*, No. 19-14374, ___ F.3d ___, 2021 WL 68305, 2021 U.S. App. LEXIS 435 (11th Cir. Jan. 8, 2021), *vacated*, ___ F.3d ___, 2021 WL 248231, 2021 U.S. App. LEXIS 2090 (11th Cir. Jan. 26, 2021). However, as the above citation makes clear, before the Undersigned was able to complete a report and recommendation considering the holding in *Garcia*, the panel vacated its decision and has now held the matter in abeyance pending a decision in two other related cases, *Granda v. United States*, No. 17-15194, and *Foster v. United States*, No. 19-14771. *See id.*

Accordingly, this case should also be held in abeyance until such a determination is made. The Court has the inherent power to stay the proceedings in one suit until a decision is rendered in another. *See Landis v. N. Am. Co.*, 299 U.S. 248 (1936); *see also Gov't. of V.I. v. Neadle*, 861 F. Supp. 1054 (M.D. Fla. 1994). "The power to stay dual proceedings is necessary to avoid the inefficiency of duplication, the embarrassment of conflicting rulings, and the confusion of

piecemeal resolutions where comprehensive results are required." *Neadle*, 861 F. Supp. at 1055 (citing *West Gulf Maritime Ass'n. v. ILA Deep Sea Local 24*, 751 F.2d 721, 729 (5th Cir.1985)).

Thus, it is **RECOMMENDED** that this case be **STAYED** and held in abeyance until such time that the Eleventh Circuit resolves the issue of a *Davis* claimant's burden of proof in a matter brought pursuant to 28 U.S.C. § 2255, as discussed above. Upon such a resolution, the parties shall notify the Court and seek to reopen this case, so that the Motion may be adjudicated.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *See* 11th Cir. R. 3-1 (2016); *see also* 28 U.S.C. § 636(b)(1)(C); *Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**SIGNED** this 4th day of February, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

cc:
Curt David Obront, Esquire
Attorney for Movant
Obront Corey, PLLC
One Bayfront Tower
100 South Biscayne Blvd.
Suite 800
Miami, FL 33131
Email: Curt@obrontcorey.com

Anthony W. Lacosta, AUSA
United States Attorney's Office
99 NE 4th Street, 8th Floor
Miami, FL 33132
Email: anthony.lacosta@usdoj.gov