UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-23158-CV-MORENO
(CRIMINAL CASE 12-20152-CR-MORENO)
MAGISTRATE JUDGE REID

JULIAN BREAL,

    Plaintiff,
v.

UNITED STATES OF AMERICA,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This cause is before the Court upon Movant Julian Breal's ("Movant" or "Breal") Motion to Vacate pursuant to 28 U.S.C. § 2255 (the "Motion"). [CV ECF No. 9]. Breal seeks to vacate his conviction as to Count 5 under 18 U.S.C. § 924(c), because conspiracy to commit hostage taking, substantive hostage taking, and kidnapping are no longer valid predicates for § 924(c) convictions. *See United States v. Davis*, 139 S. Ct. 2319 (2019). For the reasons set forth below, this Court recommends that Movant's Motion be **DENIED**.

    I.    Background

In February of 2012, Movant and his co-conspirators conspired to rob a drug dealer. [CR ECF No. 384]. Prior to the robbery, Movant provided his co-conspirators, who did not know the victim, with information about the victim that would aid in their robbery. [*Id*.]. The co-conspirators agreed that after the robbery, Movant would receive a portion of the ill-gotten proceeds. [*Id*.]. Originally, the co-conspirators planned to rob the victim while he was on a fishing trip; however, they changed their plan and decided instead to rob the victim's house once Breal discovered that

1

the victim had sold his fishing boat. [*Id*.]. Breal gave his co-conspirators the victim's address and agreed to serve as a lookout, but upon arriving to the house, the co-conspirators determined that there were too many people inside, so they aborted the plan. [*Id*.].

Movant's co-conspirators later abducted the victim at gunpoint as he was leaving a bar, drove him to a co-conspirator's house, tortured him, and demanded the names of people they could call to request the ransom payment. [*Id*.]. Movant was not present at the kidnapping or the house, but after the victim provided the co-conspirators with several names, one of the co-conspirators called Breal stating "we got him." [*Id*.]. The co-conspirator then asked Breal to confirm the names and addresses of the listed persons as potential targets for ransom money. [*Id*.]. Breal confirmed. After that, the co-conspirators called the victim's brother to demand ransom money while torturing the victim until he screamed. [*Id*.]. A few months later, Movant was interviewed by police where he waived his rights to counsel and silence and confessed to his role in the crimes. [*Id*.].

In 2012, a twenty-two count Second Superseding Indictment was returned charging Movant and his co-conspirators with numerous federal crimes. [CR ECF No. 291]. Specifically, Movant was charged with conspiracy to seize, detain, and threaten to kill A.M.C. in order to compel a third person to do an act as a condition for the release of A.M.C., where at least one of the defendants or persons seized was not a national of the United States, in violation of 18 U.S.C. §§ 1203(a), (b)(2) (Count 1); seizing, detaining, and threatening to kill A.M.C. in order to compel a third person to do an act as a condition for the release of A.M.C., where at least one of the defendants or persons seized was not a national of the United States, in violation of 18 U.S.C. §§ 1203(a), (b)(2), and 2 (Count 2); kidnapping A.M.C. and holding him for ransom, and in furtherance thereof used a facility and an instrumentality of interstate and foreign commerce, in violation of 18 U.S.C. §§ 1201(a)(1) and 2 (Count 3); carjacking, in violation of 18 U.S.C. §§ 2119

and 2 (Count 4); and using and carrying a firearm during and in relation to a crime of violence, and possessing a firearm in furtherance of a crime of violence, felony offenses, in violation of 18 U.S.C. §§1201(a), 1203(a), and 2119, as set forth Counts 1, 2, 3, and 4 of the Second Superseding Indictment, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (Count 5). [CR ECF No. 291 at 1-5], (emphasis added). All of Movant's co-conspirators pleaded guilty prior to Movant's trial. [CR ECF Nos. 100, 115, 136, 137, 177, 183]. Movant proceeded to trial where he was found guilty as charged, following a jury verdict. [CR ECF No. 302]. Regarding Count 5, the jury found that a firearm was both used and carried during and in relation to a crime of violence, and that a firearm was possessed in furtherance of a crime of violence but did not specify whether it relied on some or all of the four counts in making that determination. [*Id*. at 2].

Movant was adjudicated guilty and sentenced to a total term of fifty years of imprisonment, consisting of: (1) three concurrent terms of forty-five years of imprisonment as to Counts 1, 2, and 3; (2) a concurrent term of twenty-five years of imprisonment as to Count 4; and, (3) a five-year term of imprisonment as to Count 5 to run consecutive to Counts 1, 2, 3, and 4. [CR ECF No. 321 at 2]. Movant's convictions and sentences were *per curiam* affirmed on appeal in a written, but unpublished decision. *See United States v. Breal*, 593 F. App'x 949, 953 (11th Cir. 2014). Certiorari review was denied on March 30, 2015. *Breal v. United States*, 135 S.Ct. 1727 (2015), [CR ECF No. 392]. And, an initial motion to vacate his conviction filed pursuant to 28 U.S.C. § 2255 was denied.

In 2019, Movant filed an application for leave to file a second or successive § 2255 motion, "arguing that his § 924(c) conviction was "attached to multiple predicate offenses," so that it was "unclear which predicate offense was the basis for the § 924(c) conviction." [CV ECF No. 1 at 4].

Movant argued that conspiracy to commit hostage taking no longer qualified as a "crime of violence" under §924(c)(3)(A)'s elements clause. [*Id.*].

The Eleventh Circuit Court of Appeals found Movant's § 924(c) conviction in Count 5 "was possibly predicated on four different charges, including conspiracy to commit hostage taking (Count One), substantive hostage taking (Count Two), kidnapping (Count Three), and carjacking resulting in bodily injury (Count Four)." [*Id.*]. The Eleventh Circuit Court of Appeals recognized that carjacking, one of the companion offenses, qualifies as a "crime of violence" under § 924(c)(3)(A)'s elements clause, but noted that neither it nor the United States Supreme Court had determined "whether the other crimes qualify as a crime of violence under only the residual clause or only the elements clause or both clauses of § 924(c)(3)." [*Id.* at 4]. Thus, the appellate court granted Movant permission to file a successive § 2255 motion finding his § 924(c) conviction as to Count 5 "may--not that it does, but that it may--implicate § 924(c)'s residual clause and *Davis*." [*Id.* at 4-5].

Upon receipt of the appellate court's opinion, this § 2255 proceeding was opened by the Clerk, after which the court entered an order appointing counsel for Movant, pursuant to 18 U.S.C. § 3006A, and a briefing schedule was entered. [CV ECF No. 3]. Movant then, through counsel, filed an amended § 2255 seeking to vacate his § 924(c) conviction on the basis that post-*Davis*, § 924(c)(3)(B)'s residual clause is unconstitutionally vague and cannot support his § 924(c) conviction. [CV ECF No. 9 at 2]. Movant further argued that the companion, predicate offenses—conspiracy to commit hostage taking, substantive hostage taking, and kidnapping—were not "crime[s] of violence" so they could not be used to support the § 924(c) conviction. [*Id.* at 2, 7-10]. Only carjacking, Count 4, remained a crime of violence. [*Id.* at 13].

Movant argued that, based on the reasoning in *Gomez*[1], where, as here, the charge is duplicitous, listing multiple predicate offenses, and the jury returned a general verdict, this court "must use the conspiracy to commit hostage taking, the least culpable offense, to analyze Breal's § 924(c) post-*Davis* conviction." [*Id.* at 13-14]. Because that offense no longer qualifies as a "crime of violence," post-*Davis,* Movant argued he was entitled to vacatur of his § 924(c) conviction and a resentencing hearing. [*Id.* at 14-18].

Movant also relied upon the United States Supreme Court decision in *Stromberg v. California*, 283 U.S. 359 (1931) claiming that when an indictment alleges various means of violating a statute, the court must presume the least predicate act was used to support the conviction. [*Id.* at17-19]. Movant argued that a jury verdict must be set aside if it is supported on one ground but not another, and it is impossible to determine which ground the jury selected. [*Id.*].

While the government concedes that Counts 1, 2, and 3 are no longer qualifying predicate offenses post-*Davis*, it maintains, however, that Movant is not entitled to relief because the predicate offense of carjacking (Count 4) still qualifies as a "crime of violence." [CV ECF No. 14 at 10-18; CV ECF No. 27 at 2]. As a result, the government, relying on *In re Cannon,* 931 F.3d 1236, 1243-44 (11th Cir. 2019) and *Beeman v. United States,* 871 F.3d 1215, 1221-22 (11th Cir. 2017), concluded that Movant could not meet his burden of proving "the likelihood that the jury based its guilty verdicts solely on a non-qualifying predicate offense," rather than on carjacking, a qualifying predicate offense. [*Id.* at 18-19].

Because these issues were pending before the Eleventh Circuit Court of Appeals in *Granda v. United States*, 990 F.3d 1272 (11th Cir. 2021) and *Foster v. United States*, 996 F.3d 1100 (11th Cir. 2021), this Court issued a report recommending that the case be held in abeyance pending

---

[1] *In re Gomez*, 830 F.3d 1225 (11th Cir. 2016).

their resolution. After the Eleventh Circuit issued its opinion in *Granda* and *Foster*, this case was re-opened, and the parties were invited to file supplemental memoranda. Breal filed a Supplemental Memorandum of Law in light of the *Foster* and *Granda* decisions. [CV ECF No 26]. The government responded [CV ECF No. 27], and Movant replied. [CV ECF No. 29].

## II. Procedural Bar

"[A] defendant generally must advance an available challenge to a criminal conviction on direct appeal or else the defendant is barred from raising that claim in a habeas proceeding." *Granda*, 990 F.3d at 1286 (quoting *Fordham v. United States*, 706 F.3d 1345, 1349 (11th Cir. 2013)). Breal did not argue at trial or on direct appeal that his § 924(c) conviction under Count 5 was invalid because the § 924(c)(3)(B) residual clause was unconstitutionally vague. He "therefore, procedurally defaulted this claim and cannot succeed on collateral review unless he can either (1) show cause to excuse the default and actual prejudice from the claimed error, or (2) show that he is actually innocent of the § 924(o) and § 924(c) convictions." *Granda*, 990 F.3d at 1286.

Breal argues he can show both cause and prejudice, as well as actual innocence. Specifically, Breal argues that: (1) he can show cause, because "the *Davis* claim was previously unavailable to [him], and it was not 'reasonably available to counsel at the time of his direct appeal'" *See* [CV ECF No. 26]; and (2) he can show prejudice, because he "received an illegal sentence due to a conviction that was based on an improper predicate offense or offenses." *See* [*Id*.].

### A. Breal Cannot Show Cause

Breal argues that "his *Davis* claim was previously unavailable at the time of his direct appeal." This argument was rejected by the Eleventh Circuit in *Granda*. There, the Eleventh Circuit determined that while prior to Granda's *Davis* challenge few, if any, litigants had

6

contended that the § 924(c) residual clause was unconstitutionally valid, because other litigants had challenged other portions of § 924(c) as vague, the tools existed for Granda to challenge § 924(c)'s residual clause as vague. *Granda*, 990 F.3d at 1288. The same is true here. In his Reply to the Government's Supplemental Memorandum of Law, [CV ECF No. 29], Movant argues that "the Eleventh Circuit's reliance in *Granda* on *James v. United States*, 550 U.S. 192 (2007) is misplaced since *James* involved a different statue (the [Armed Career Criminal Act of 1984 ("ACCA")]) rather than the one at issue in the case at bar." However, *Granda* did not simply rely upon *James*; the Court further noted that "due process vagueness challenges to criminal statutes were commonplace," confirming that any defendant could have raised the issue. *Granda*, 990 F.3d at 1287. Thus, for the reasons discussed in *Granda*, Breal cannot show that his claim is "so novel that its legal basis [was] not reasonably available to [Breal's] counsel." *Granda*, 990 F.3d at 1286 (quoting *Howard v. United States*, 374 F.3d 1068, 1072 (11th Cir. 2004)).

### B. Breal Cannot Show Actual Prejudice

Even if Breal were able to show cause for failing to raise the claim on appeal, his claim would still fail because, under the facts of his case, he cannot establish prejudice.

Under *Stromberg v. California*, 283 U.S. 359 (1931), a general verdict must be set aside if the jury was instructed that it could rely on any of two or more independent grounds, and one of those grounds is insufficient. This is because the verdict may have rested exclusively on the insufficient ground. *Id*. As explained in *Granda*, however, after the Supreme Court decided *Stromberg*, it decided *Hedgpeth v. Pulido*, 555 U.S. 57 (2008), which clarified that *Stromberg* error is subject to the *Brecht v. Abrahamson*, 507 U.S. 619 (1993) harmless error standard.

Under the *Brecht* standard, reversal is warranted only when the petitioner suffered "actual prejudice" from the error. *Brecht*, 507 U.S. at 637. In other words, "the harmless error standard

7

mandates that 'relief is proper only if the ... court has grave doubt about whether a trial error of federal law had substantial and injurious effect or influence in determining the jury's verdict. There must be more than a reasonable possibility that the error was harmful.'" *Foster*, 996 F.3d at 1107 (citing *Davis v. Ayala*, 576 U.S. 257, 267– 68 (2015)). "Thus, it is proper to look at the record to determine whether the invalid predicate actually prejudiced the petitioner -- that is, actually led to his conviction - - or whether the jury instead (or also) found the defendant guilty under a valid theory." *Granda*, 990 F.3d at 1294.

The *Granda* court further clarified that "'[a]ctual prejudice means more than just the possibility of prejudice; it requires that the error worked to the petitioner's actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Id*. at 1288. The court explained that

> [I]t is not enough for Granda to show that the jury *may* have relied on the Count 3 Hobbs Act conspiracy conviction as the predicate for his Count 6 § 924(o) conviction; Granda must show at least a 'substantial likelihood' that the jury *actually* relied on the Count 3 conviction to provide the predicate offense. More specifically, he must establish a substantial likelihood that the jury relied *only* on the Count 3 conviction.

*Id*. (emphasis added) (internal citations omitted).

In other words, to establish actual prejudice in this case, Breal must show a substantial likelihood that the jury relied *only* on Counts 1-3 as the predicate offenses for his conviction in Count 5.

Breal argues that because three of the four potential predicate offenses that were submitted to the jury are now invalid, and because the only valid predicate—the carjacking charged in Count 4—was not inextricably intertwined with the other offenses, he has shown prejudice. Breal, however, "points to nothing in the trial record that would suggest the jurors distinguished between [the] alternative predicate crimes," *Foster*, 996 F.3d at 1108, and identifies no credible basis for

his argument that it is more likely that the jury predicated his conviction on conspiracy to commit hostage taking, substantive hostage taking, and kidnapping rather than carjacking.

Breal suggests that his conduct was not inextricably intertwined with the carjacking offense because "he was not physically present during that offense," and because "his involvement related to the earlier meetings [] did not directly involve a carjacking offense, but rather implicated the robbery, kidnapping, and extortion offenses." These arguments fail and were clearly rejected by the jury.

Despite Breal being absent from the scene of the crimes, the jury unanimously found him guilty of conspiracy to commit hostage taking, substantive hostage taking, kidnapping, *and* carjacking. The trial record makes it abundantly clear that all of the jury's findings rested on the same operative facts and the same set of events—the jury found beyond a reasonable doubt that Breal and his accomplices conspired to take the victim hostage and completed the acts of taking the victim hostage, kidnapping the victim, and carjacking in order to steal valuables from him. The Eleventh Circuit, in reviewing Movant's conviction on appeal, noted that the carjacking was reasonably foreseeable under the *Pinkerton*[2] theory of liability "because the original plan involved a carjacking." *See United States v. Breal*, 593 F. App'x 949, 952 (11th Cir. 2014). Breal and his co-conspirators had originally planned to intercept the victim while he was driving back from a fishing trip and take both the victim and his car. [CR ECF No. 348 at 78]. Further, while planning the robbery, Breal informed his co-conspirators that the victim had valuables in his car. *See* [CR ECF No. 348 at 78, 96]. In short, the alternative predicate offenses are inextricably intertwined— each arose from the same plan and act of robbing a drug dealer of valuables with a firearm, *see Granda*, 990 F.3d at 1291, and Breal has failed to show a substantial likelihood that the jury relied

---

[2] *Pinkerton v. United States*, 328 U.S. 640, 645–48 (1946).

only on his convictions in Counts 1-3, rather than his conviction in Count 4, to predicate his conviction in Count 5.

### C. Breal Cannot Show Actual Innocence

In his Supplemental Memorandum of Law, [CV ECF No. 26], Movant states that he "stands on all of his arguments previously raised in his Motion to Vacate (DE-CV-19 [sic]) as well as his Reply (DE-CV-17)." Breal makes no argument as to actual innocence in his Supplemental Memorandum of Law. He did, however, raise an argument as to actual innocence in his Reply. Breal relies on Judge Jill Pryor's dissent in *In re Smith*, 829 F.3d 1276 (11th Cir. 2016) to argue that carjacking should not be considered a crime of violence. This argument is a losing one.

First, carjacking is still considered a crime of violence in the Eleventh Circuit. *See In re Smith*, 829 F.3d at 1280–81 ("In short, our precedent holds that carjacking in violation of § 2119 satisfies § 924(c)'s force clause, and that ends the discussion."). Second, "[t]he actual innocence exception to the procedural default bar is 'exceedingly narrow in scope as it concerns a petitioner's actual innocence rather than his legal innocence. Actual innocence means factual innocence, not mere legal innocence.'" *Granda*, 990 F.3d at 1292. Further, "'[t]o establish actual innocence, [the] petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Id*. This, Breal has not done.

### III. Breal Cannot Succeed on the Merits

Even if Breal could overcome procedural bar, for the reasons discussed, his claims would still fail on the merits. Under these facts, Breal cannot meet his burden to show that the jury relied solely upon the now invalid predicate offenses rather than the valid carjacking predicate. The invalid and valid predicates in this case are inextricably intertwined. Thus, "[t]here can be no grave doubt that the inclusion of the invalid predicate did not have a substantial influence in determining

the jury's verdict in this case." *See Foster*, 996 F.3d at 1108 (citing to *O'Neal v. McAninch*, 513 U.S. 432, 435 (1995)). If there was any error here, it was harmless.

### D. Breal's Remaining Arguments were Rejected in *Granda*

As noted, in his Supplemental Memorandum of Law, [CV ECF No. 26], Movant states that he "stands on all of his arguments previously raised in his Motion to Vacate (DE-CV-19 [sic]) as well as his Reply (DE-CV-17)." In his Motion to Vacate, [CV ECF No. 9], Movant relies on *In re Gomez*, *Alleyne v. United States*, 570 U.S. 99 (2013), *Shepard v. United States*, 544 U.S. 13 (2005), *Parker v. Sec'y for Dep't of Corrs.*, 331 F.3d 764 (11th Cir. 2003), *Zant v. Stephens*, 462 U.S. 862 (1983), and *Stromberg*, to conclude that because the government drafted a "duplicitous indictment," the Court must use the least culpable offense—conspiracy to commit hostage taking—to analyze his § 924(c) conviction.

The court in *Granda* addressed and rejected Movant's arguments under *Gomez*, *Alleyne*, *Parker*, and *Stromberg*. *Granda*, 990 F.3d at 1292–96. For the reasons stated in *Granda*, Movant's arguments on those grounds fail.

Movant's argument that the court should apply the "least-culpable-offense" approach as outlined in *Shepard* also fails. First, *Shepard* applies only to "divergent decisions in the Courts of Appeals applying [*Taylor v. United States*, 495 U.S. 575] when prior convictions stem from guilty pleas, not jury verdicts." *Shepard*, 544 U.S. at 19. As this case involved a jury trial conviction and not a guilty plea, *Shepard* is inapposite. Second, *Taylor* and *Shepard* apply to a very narrow subset of cases. *Taylor* and *Shepard* involve the ACCA's mandate of a minimum 15-year prison sentence for anyone possessing a firearm after three prior convictions for serious drug offenses or violent felonies. *See Shepard*, 544 U.S. at 15–16. Under the ACCA, burglary was only considered a violent felony if it was committed in a building or enclosed space; but some state statutes had broader or

multiple definitions of "burglary." Given these inconsistent definitions of "burglary," the court in *Taylor* found that "a [later] court sentencing under the ACCA could look to statutory elements, charging documents, and jury instructions"—i.e., "*Shepard* documents"—to determine whether the burglary offense a defendant had been convicted of qualified as a violent felony for the purposes of the ACCA. *Id*.

These cases are inapplicable. The federal offenses of conspiracy to commit hostage taking, substantive hostage taking, kidnapping, and carjacking are defined only under 18 U.S.C. § 1203, 18 U.S.C. § 1203, 18 U.S.C. § 1201, and 18 U.S.C. § 2119, respectively. In other words, there is no inconsistency in the definitions here.

## IV.   Recommendations

Based on the foregoing, it is recommended that the Motion to Vacate be **DENIED**, and that no certificate of appealability be issued.

Objections to this report may be filed with the District Court Judge within fourteen days of receipt of a copy of the report, including any objections with regard to the denial of a certificate of appealability.

**SIGNED** this 19th day of November, 2021.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc:   **U.S. District Judge Federico Moreno**; and
      **All Counsel of Record via CM/DE**