UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Case Number: 19-23158-CIV-MORENO
(12-20152-CR-MORENO)

JULIAN BREAL,

        Movant,

vs.

UNITED STATES OF AMERICA,

        Respondent.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND ORDER DENYING MOTION TO VACATE

THE MATTER was referred to the Honorable Lisette M. Reid, United States Magistrate Judge, for a Report and Recommendation on Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255. The Magistrate Judge filed a Report and Recommendation **(D.E. 30)**. The Court has reviewed the entire file and record. The Court has made a *de novo* review of the issues that the objections to the Magistrate Judge's Report and Recommendation present, and being otherwise fully advised in the premises, it is

**ADJUDGED** that Magistrate Judge Reid's Report and Recommendation is **AFFIRMED** and **ADOPTED**. Accordingly, it is

**ADJUDGED** that Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 is DENIED. The movant seeks to vacate his conviction under 18 U.S.C. § 924(c), because conspiracy to commit hostage taking, substantive hostage taking, and kidnapping are no longer valid predicates for § 924(c) convictions. *United States v. Davis*, 139 S. Ct. 2319 (2019). The Government accepts that some of the predicate offenses no longer qualify as crimes of violence, but argues that because the Movant was also convicted of carjacking, which is a crime of violence, he

meet the burden of showing that the jury based its verdict on the non-qualifying predicate offenses instead of the qualifying carjacking offense.

Following *Granda v. United States,* 990 F.3d 1272 (11th Cir. 2021), the Report and Recommendation correctly finds that the Movant cannot show cause for failing to raise the vagueness challenge in his direct appeal. The Magistrate Judge also concludes that even if the Movant can show cause, he fails to show actual prejudice. *Granda* clarified that "actual prejudice means more than just the possibility of prejudice; it requires that the error worked to the petitioner's actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 1288 (quoting *Fordham v. United States,* 706 F.3d 1345, 1350 (11th Cir. 2013)). The Report and Recommendation concludes the Movant failed to show that the jury was substantially likely to base the conviction in Count 5, the 18 U.S.C. § 924(c) conviction, on the predicate acts in Counts 1-3 and not on the carjacking predicate offense in Count 4. The Magistrate Judge correctly concludes the predicate offenses were inextricably intertwined and all arose from the same operative plan to intercept the victim (a drug dealer) while he was driving back from a fishing trip, rob him, and take his car along with the valuables inside the car. Finally, the Report and Recommendation finds that the Movant cannot show actual innocence, since he was actually guilty of the carjacking, which is a crime of violence.

In his objections, the Movant argues this case is distinguishable from *Granda*. He claims that in 2015 he sought leave to file a second or successive petition, where he tried to raise the vagueness challenge under *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Eleventh Circuit denied the request. The Movant, therefore, claims that he can show cause and should not be procedurally defaulted from bringing this *Davis* claim. The procedural default rule, however, does not apply to a movant's attempts to seek leave to file a successive petition. "A defendant

must advance an available challenge to a criminal conviction on *direct appeal* or is barred from raising that claim in a habeas proceeding." *Granda*, 990 F.3d at 1286 (quoting *Fordham*, 706 F.3d at 1349.). That Movant tried to raise the challenge in a prior habeas proceeding does not satisfy the procedural default rule's requirement that a movant raise the issue on a direct appeal. Therefore, the Movant's objection is not persuasive. If the Eleventh Circuit found Granda failed to show cause for not raising the issue in his 2009 appeal, the Eleventh Circuit would certainly find the Movant also fails to show cause for not raising the issue five years later in his 2014 direct appeal.

The Movant also objects to the Report's finding that he is not actually innocent. He argues that because three of the predicate offenses no longer qualify as crimes of violence that, in and of itself, establishes a substantial likelihood that the jury relied only on these improper predicates in convicting him for violating § 924(c). The Report and Recommendation discredits this argument because the Movant points to nothing showing the jury distinguished between the alternate predicate offenses, and by stating that like *Granda*, the predicate offenses all stem from the same criminal scheme. For this same reason, the Magistrate Judge correctly finds the Movant cannot prevail on the merits – the invalid and valid predicate offenses are inextricably intertwined. Accordingly, the Court finds it appropriate to adopt the Report and Recommendation and overrule the Movant's objections. It is further

**ADJUDGED** that a certificate of appealability issue as to whether the procedural default rule bars relief in this case.

DONE AND ORDERED in Chambers at Miami, Florida, this _11_ of May 2022.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

United States Magistrate Judge Lisette M. Reid

Counsel of Record